IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

CHARLES M. BYRNES, WILLIAM J. )
DILLNER, JR., EDWARD P. DINI, )
M.E. DOUTT, RONALD W. GIBBS, )
THOMAS N. HEIDER, JOHN P. )
O'CONNOR, JOSEPH ROSSI, JR., )
JOSEPH E. ZAUCHA, BEN WOODS )
                )
  Trustees of the Western )
  Pennsylvania Teamsters and )
  Employers Welfare Fund, )
                )
     Plaintiffs )
               )
 v.            )  Civil Action No.
               )
PITTSBURGH VALET, LLC, )
               )
     Defendant )

**COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF**

1. This action arises under the Labor Management Relations Act of 1947, as amended 29 U.S.C §185 et seq., and under the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1132 and 1145.

2. Plaintiffs are the duly designated Trustees of the Western Pennsylvania Teamsters and Employers Welfare Fund ("Welfare Fund"), a qualified trust, having its registered office at 50 Penn Circle West, Pittsburgh, PA 15206.

3. Defendant, Pittsburgh Valet, LLC ("Pittsburgh Valet"), is a Pennsylvania corporation with a registered office at 1454 Bellaire Place, Pittsburgh, PA 15226.

4. Defendant is obligated to contribute to the Welfare Fund pursuant to the Collective Bargaining Agreement ("CBA") it entered into with the General Teamsters, Chauffeurs, Warehousemen and Helpers Local Union No. 926 (hereinafter "Local 926"), effective May 5, 2004, and still in effect.

5. According to the Welfare Fund's Agreement and Declaration of Trust, the Welfare Fund's Rules, and the Welfare Fund's Summary Plan Description, all binding on the Defendant, an employer's obligation to contribute for covered employees is based upon the hours worked by employees in the previous month. Payments and reports of eligible employees are due on the 20th of each month to provide coverage for the employees for the following month under the Welfare Fund's three month process for work/payment/coverage. In this process, the first month is the work month, the second month is the payment/reporting month, and benefit coverage is provided in the third month. An excerpt from the Welfare Fund's Summary Plan Description (attached as Exhibit A), illustrates how this process works.

6. Pursuant to the Welfare Fund's payment system, a contribution was due January 20, 2006 for Pittsburgh Valet's employees who worked in December 2005 to provide for February 2006 coverage. Likewise, a contribution was due on February 20, 2006, for employees who worked in January 2006 for March 2006 coverage.

The contribution owed to the Welfare Fund for each of the two months was $4,867.85; therefore, the two month total is $9,735.70.

7.  The Welfare Fund has suffered, and will continue to suffer, damage by reason of Defendant's refusal to make contributions to the Welfare Fund in a timely fashion. The Defendant's failure to make these contributions by the 20th day of each month causes hardships for the Welfare Fund by forcing it to do additional administrative work, and making it more difficult for the Welfare Fund to determine which employees are eligible for benefit coverage for the applicable benefit months.

8.  In accordance with the provisions of the Welfare Fund's Agreement and Declaration of Trust, the described CBA, the Welfare Fund's Rules, the Welfare Fund's Summary Plan Description, and the mandatory additional damage provisions of Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), all binding on Defendant, Plaintiffs are entitled to assess Defendant $250.00 to cover the Court Filing Costs; liquidated damages equal to 20% of the amount of the delinquent contributions, totaling $1,947.14; attorneys' fees equal to 20% of the amount of the delinquent contributions, totaling $1,947.14; as well as interest at the rate of 8% for delinquent contributions. Plaintiffs therefore demand the additional sum of $4,144.28, plus interest. Plaintiffs also claim any additional amounts that may be shown to be delinquent until the time this case terminates.

9. Due to the Defendant's failure to pay, Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing, and irreparable injury and damage unless Defendant is ordered to specifically perform under the federal statutes, and is restrained from continually refusing to perform as thereunder required. The Welfare Fund will continue to be harmed even if, at a given period of time, the Defendant is no longer delinquent in its payments to the Welfare Fund. Even if the Defendant pays all of its owed contributions to the Fund at any given time, given Pittsburgh Valet's pattern of delinquent contributions, it is likely that in the future the Company will again become delinquent in its payments, damaging the Welfare Fund.

WHEREFORE, Plaintiffs pray:

1. For judgment against Defendant in the amount of $13,879.98, with interest for the delinquent contributions at 8% per year from the date contributions should have been paid;

2. That this Court enjoin Defendant from violating its obligations to make payments to the Welfare Fund, and order the Defendant to make immediate payments for contributions it owes to the Fund for the involved December 2005 and January 2006 Work Months and the related February and March Benefit Coverage Months, as well as any other payments it may owe in the future.

-4-

3.   Such other relief as the Court may deem just.


                                      WICK, STREIFF, MEYER,
                                        O'BOYLE & SZELIGO, P.C.


                                 By:  /s/ Brendan R. Delaney
                                    Vincent P. Szeligo, Esq.
                                    PA ID #28967
                                    vszeligo@wsmoslaw.com
                                    Brendan R. Delaney, Esq.
                                    PA ID #92035
                                    bdelaney@wsmoslaw.com

                                    Attorneys for Plaintiffs

Of Counsel:

WICK, STREIFF, MEYER,
  O'BOYLE & SZELIGO, P.C.
1450 Two Chatham Center
Pittsburgh, PA 15219
(412) 765-1600